BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE HOLIDAY MAGIC SECURITIES        )
AND ANTITRUST LITIGATION              )        DOCKET NO. 124

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

      This litigation consists of five actions pending in four different districts against Holiday Magic, Inc. and its officers and directors. Plaintiffs in the action pending in the Western District of Pennsylvania move the Panel for an order transferring all actions to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All parties except plaintiff Gonzalez favor transfer of their respective actions. We find that all of these actions involve common questions of fact and that transfer to the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. 1/

      Plaintiffs in these actions allege that defendants'

---

\* Although Judges Wisdom and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1/ In order to expedite the pretrial processing of this litigation, we previously issued a brief order transferring these actions to the Northern District of California for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. This per curiam opinion embodies the reasons for our decision.

activities concerning Holiday Magic's multilevel sales and distribution system were fraudulent and in violation of state and federal securities and antitrust laws. In addition, plaintiffs in each action purport to represent a class comprised of distributors of Holiday Magic products.

Because all actions in this litigation clearly raise common factual issues and contain similar class allegations, transfer to a single district for coordinated or consolidated pretrial proceedings is necessary in order to avoid duplication of discovery and eliminate the possibility of inconsistent class determinations. See, e.g., In re Glenn W. Turner Enterprises Litigation, 355 F. Supp. 1402 (J.P.M.L. 1973).

Plaintiff Gonzalez opposes transfer on the ground that he has filed a motion for summary judgment in the transferor court and that if it is granted the action will be concluded, thereby negating any need for transfer under Section 1407. Plaintiff concedes, however, that transfer would be appropriate if the motion is denied. Inasmuch as the criteria for transfer of this action under Section 1407 are clearly satisfied and the transferee judge has the power to entertain a motion for summary judgment, In re Butterfield Patent Infringement Litigation, 328 F. Supp. 513, 514 (J.P.M.L. 1970), there is no reason for denying transfer of this action.

We find that the Northern District of California is the most appropriate transferee forum for this litigation. The two actions already pending in that district

have been transferred there for all purposes under 28 U.S.C. §1404(a). The district selected by the Section 1404(a) transferor judges and the reasons given therefor are normally entitled to great weight in selecting the most appropriate transferee district for Section 1407 proceedings. See, In re Master Key Antitrust Litigation, 320 F. Supp. 1404, 1406 (J.P.M.L. 1971). Furthermore, Holiday Magic's home office is in the Northern District of California and, as a result, many of the anticipated witnesses and relevant documents are located there. And finally, it appears that the actions already pending in the Northern District of California are in a more advanced stage of pretrial proceedings than the other actions in this litigation.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions already pending in that district and listed on Schedule A.

SCHEDULE A

DOCKET NO. 124

### NORTHERN DISTRICT OF CALIFORNIA

Jennette McKissack, et al. v. Holiday Magic, Inc.

Civil Action
No. C-72-1992-LHB

Larry E. Anderson v. Holiday Magic, Inc.

Civil Action
No. C-73-0225-RFP

### SOUTHERN DISTRICT OF NEW YORK

Rafael P. Gonzalez v. Holiday Magic, Inc.

Civil Action
No. 72 Civ. 3838

### EASTERN DISTRICT OF NEW YORK

James Dione v. Holiday Magic, Inc.

Civil Action
No. 72 Civ. 1331

### WESTERN DISTRICT OF PENNSYLVANIA

Frank I. Marshall, et al. v. Holiday Magic, Inc.

Civil Action
No. 72-899

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL -6 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 124

IN RE HOLIDAY MAGIC SECURITIES AND )
ANTITRUST LITIGATION )
)
James J. Ward, et. al. v. Holiday )
Magic, Inc., et. al., N. D. California,)
Civil Action No. C-74-1067-LHB )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. In re Holiday Magic Securities and Antitrust Litigation, 368 F. Supp. 806 (J.P.M.L. 1973); 372 F. Supp. 1167 (J.P.M.L. 1974); 375 F. Supp. 1400 (J.P.M.L. 1974); 384 F. Supp. 1403 (J.P.M.L. 1974). Plaintiffs in the Ward action have moved the Panel for an order remanding Ward to its transferor court, the Northern District of Illinois. Several defendants in Ward oppose remand.

---

* Judges Becker and Lord took no part in the consideration or decision of this matter.